UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZENTA, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>STEPHANIE ANDREWS, et al.,<br><br>         Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 22-cv-01952-JLS-JLB<br><br>**ORDER REGARDING PLAINTIFF'S MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 47; 55]** |

  Before the Court are Plaintiff Azenta, Inc.'s Motions to File Documents Under Seal. (ECF Nos. 47; 55.) In both motions, Plaintiff seeks to file under seal the entirety of five exhibits attached to its response in opposition to Defendant Stephanie Andrew's motion to compel.[1] (*See* ECF Nos. 46-2 at 6–19; 47; 55.)

---

[1]  On October 10, 2023, Plaintiff filed both a response in opposition (ECF No. 46) and one of the instant motions to file documents under seal (ECF No. 47). In its first motion to file under seal, Plaintiff improperly submitted Exhibit A to the Omnibus Declaration of Kimberly Davis to the Clerk's Office by digital file, despite it being a PDF. (*See* ECF Nos. 47 at 2; 48 at 7–11; 49 at 2.) On October 16, 2023, Plaintiff filed a second motion to file documents under seal (ECF No. 55) and an updated sealed lodged proposed document (ECF No. 56), fixing the error regarding how Exhibit A was submitted to the Court. The

## I. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 598 (1978)). As such, a party seeking to seal a judicial record attached to a dispositive motion must "articulate[] compelling reasons supported by specific factual findings" that can surmount the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

However, a different standard applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179. "Non[-]dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1179). "In light of the weaker public interest in non[-]dispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal." *Pintos*, 605 F.3d at 678. "There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Mezzadri v. Med. Depot, Inc.*, No. 14-CV-2330-AJB-DHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015).

///

///

///

---

Court notes the instant motions and the documents they seek the Court to seal are otherwise identical.

## II. Discussion

### A. Exhibit A

Exhibit A is Plaintiff's Sales Incentive Plan for the 2022 Fiscal Year ("FY2022 SIP"), which Plaintiff seeks to file under seal in its entirety. (*See* ECF No. 55 at 2.) Plaintiff argues this document qualifies for sealing because it "contains the confidential terms of a contractual agreement between Azenta and its sales employees, is issued only to Azenta sales personnel, and is not otherwise available to the public or third parties." (*Id.* at 8.) Plaintiff further asserts that "disclosure of the [document] would cause irreparable harm to Azenta." (*Id.* at 3.)

Despite Plaintiff's assertions, the Court notes that an identical copy of the FY2022 SIP is already publicly filed on the record as an exhibit to Defendant Andrews's counterclaims. (*See* ECF No. 12 at 38–42.) Plaintiff took no action to seal the document or to oppose its public docketing in the nearly nine months since its filing. In fact, Plaintiff's motion fails to address that this document is already a part of the public judicial record. *See Kamakana*, 447 F.3d at 1184 (noting that information that is "either already publicly available or [is] available in other documents being produced" supports a decision to unseal records). Even if Plaintiff had addressed the previous public filing of FY2022 SIP, Plaintiff fails to provide support for why the entirety of Exhibit A should be filed under seal, particularly when Plaintiff's opposition quotes clauses from the document and does not redact them. (*See, e.g.*, ECF No. 46 at 3 ("Specifically, the SIP provides that it 'supersedes all prior sales compensation programs of the company and all other previous or written statements from all previous entities regarding the subjects contained herein unless amended in writing by Azenta.' The Fiscal Year 2022 ('FY2022') SIP, which was in effect during the relevant time period alleged in Andrews' Counterclaim, provides that 'quarterly incentive payments are made based on a sales team member's year to date performance against their year to date goal, and paid up to their year to date target incentive.'") (citations omitted).)

///

Accordingly, the Court **DENIES** Plaintiff's second motion to file documents under seal (ECF No. 55) with respect to Exhibit A to the Omnibus Declaration of Kimberly Davis (ECF No. 56).

**B.     Exhibits B–E**

Plaintiff additionally seeks to file under seal the entirety of Exhibits B–E, which constitute Microsoft Excel workbooks in native format.  (*See* ECF No. 55 at 2–3.)  Exhibit B is the "Q2 Billings Report," which shows all sales made in January and February 2022 within Defendant Andrews's department.[2]  (*Id.* at 2.)  Exhibits C–E are redacted spreadsheets detailing sales incentives Plaintiff paid to individuals in Defendant Andrews's department in Q1, Q2, and Q3 of 2022, respectively.  (*Id.* at 2–3.)

Plaintiff argues these workbooks contain "proprietary Azenta information, including information regarding incentive plans[,] payments, . . . sales, customers, and products."  (*Id.* at 3.)  Plaintiff further argues the workbooks include "private identifying information related to non-party customers and affiliates of Azenta," who "could bring legal action against Azenta for breaches of confidential information" if their "private identifying information" were to be publicly released.  (*Id.* at 8.)  Plaintiff lodged with the Clerk's Office unredacted copies of Exhibits B–E to the Omnibus Declaration of Kimberly Davis in native Microsoft Excel form.  (ECF No. 56.)

Based on its own review, the Court finds Plaintiff has demonstrated good cause to file under seal the spreadsheets detailing its sales incentive payouts, customer information, price terms, and other proprietary information in Exhibits B–E to the Omnibus Declaration of Kimberly Davis.  *See Kamakana*, 447 F.3d at 1180; *see also Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, --- F. Supp. 3d ----, No. 21-CV-1197-W-MDD, 2023 WL 1806816 (S.D. Cal. Feb. 7, 2023) (sealing "confidential information relating to [the

---

[2]     Plaintiff's 2022 fiscal year commenced October 1, 2021, with the first three quarters being "Q1" (October through December 2021), "Q2" (January through March 2022), and "Q3" (April through June 2022).  (*See* ECF Nos. 55 at 2, 8; 46 at 2 n.1, 4; 46-2 at 2.)

movant's] business, the disclosure of which [was] likely to be commercially detrimental"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1267–68 (N.D. Cal. 2019) (sealing information that would "reveal[] the identity of and information about specific customers" because "competitors could use this information to effectively target their marketing efforts without expending similar time and resources"); *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV181882JGBSHKX, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (granting a motion to seal "(1) non-public financial information of [the plaintiff] and third-parties and (2) non-public strategic and business-making information of [the plaintiff] and third-parties").

Accordingly, the Court **GRANTS** Plaintiff's second motion to file documents under seal (ECF No. 55) with respect to Exhibits B–E to the Omnibus Declaration of Kimberly Davis (ECF No. 56).

### III. CONCLUSION

For the aforementioned reasons, the Court hereby rules as follows:

1. Plaintiff's second motion to file documents under seal (ECF No. 55) is **GRANTED in part** and **DENIED in part**.
2. The Court **DIRECTS** the Clerk of Court to file Plaintiff's unredacted versions of Exhibits B–E to the Omnibus Declaration of Kimberly Davis (ECF No. 56) <u>**UNDER SEAL**</u>.
3. Plaintiff **SHALL PUBLICLY FILE** Exhibit A to the Omnibus Declaration of Kimberly Davis in its entirety within <u>seven (7) days</u> of the electronic docketing of this Order.
4. Plaintiff's first motion to file documents under seal (ECF No. 47) is **DENIED**.

Dated: October 26, 2023

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge