UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZENTA, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHANIE ANDREWS, an individual; LVL TECHNOLOGIES USA, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 22-CV-1952 JLS (JLB)<br><br>**ORDER DENYING JOINT MOTION TO STAY PENDING BANKRUPTCY WITHOUT PREJUDICE**<br><br>(ECF No. 68) |
| STEPHANIE ANDREWS, an individual,<br><br>  Counterclaimant,<br><br>v.<br><br>AZENTA, INC.,<br><br>  Counterdefendant. | |

Presently before the Court is a Joint Motion to Stay Pending Bankruptcy ("Joint Mot.," ECF No. 68) filed by Defendant/Counterclaimant Stephanie Andrews and Plaintiff/Counterdefendant Azenta, Inc. (collectively, the "Moving Parties"). For the below reasons, the Court **DENIES** the Joint Motion **WITHOUT PREJUDICE**.

# BACKGROUND

This case involves a dispute between the life-sciences company Azenta, Inc. ("Plaintiff" or "Azenta"), Azenta's former employee Stephanie Andrews ("Andrews"), and Andrews' new employer LVL Technologies USA, Inc. ("LVL"). *See* Compl. ¶¶ 1–6, ECF No. 1. Azenta alleges that Andrews, while acting as an agent of LVL, misappropriated Azenta's trade secrets. *Id.* Both Andrews and LVL have answered Azenta's Complaint, *see* ECF Nos. 9, 12, and Andrews has asserted a counterclaim against Azenta for unpaid compensation, *see* ECF No. 12 at 29–36.

All Parties participated in an Early Neutral Evaluation Conference on March 6, 2023, and a Case Management Conference on March 14, 2023. *See* ECF Nos. 17, 19. The Parties then began discovery. *See generally* Docket. On October 18, 2023, LVL indicated that it had filed a Chapter-11 petition in the United States Bankruptcy Court for the Middle District of Florida. *See* ECF No. 58. Because LVL's Chapter-11 petition triggered an automatic stay pursuant to 11 U.S.C. § 362, Magistrate Judge Jill L. Burkhardt vacated the case's schedule as to LVL but left it in place as to Andrews. *See* ECF No. 59.

The Moving Parties now ask the Court to stay this action in its entirety for 180 days. Joint Mot. at 2. The Moving Parties point out that Azenta continues to seek discovery responses and production from LVL, including documents that Azenta contends will help Azenta establish its damages. *Id.* at 2–3. Specifically, Azenta seeks "records related to Andrews' sales to Azenta customers on behalf of LVL (both prior to and after leaving Azenta's employ) and LVL's profits." *Id.* at 3. If those records exist, per the Moving Parties, they are in LVL's possession. *Id.* In addition, Azenta contends that it cannot "determine the full scope of Andrews' alleged misconduct" without conducting a forensic review of LVL's systems and databases. *Id.* Because it cannot access important evidence, Azenta argues, the "bankruptcy stay does not just affect Azenta's case against LVL, but also its case against Andrews." *Id.* Proceeding under these circumstances, per the Moving Parties, would waste their and the Court's resources. *See id.*

/ / /

**LEGAL STANDARD**

District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court may stay an action pending resolution of independent proceedings where "it is efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When determining whether a stay is appropriate, the Court must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

**ANALYSIS**

The Moving Parties have not persuaded the Court that a stay is justified. First, though the Moving Parties assert that they cannot access documents that may "help Azenta establish its damages," Joint Mot. at 3, the Joint Motion does not demonstrate that without said documents, Azenta will suffer sufficient hardship or inequity to justify a stay of its case against Andrews. Merely labeling certain document productions as "key" does not make them so, particularly where it appears that Azenta could use alternate means to acquire the information they seek. For example, though Azenta may not be able to access LVL's *records* of Andrews' sales, *see id.*, Azenta could seek additional *information* regarding said sales from either Andrews or its own customers. Absent a stronger showing of prejudice to Azenta's ability to proceed against Andrews, the Court is disinclined to grant a stay.[1]  *Cf. United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n.3 (9th Cir.

---

[1] The Parties appear to rely solely on the "hardship" prong of the stay analysis, as they do not argue—and the Court is not convinced—that a stay will "simplify issues, proof, and questions of law." *CMAX, Inc.*, 300 F.2d at 268.

1993) (describing how some courts have refused to extend an automatic bankruptcy stay to nonbankrupt defendants absent a showing that the bankrupt defendant is an indispensable party); *Fed. Deposit Ins. Corp. v. Appraisal Pac., Inc.*, No. 14-CV-0079-H-BLM, 2014 WL 12564365, at *1–2 (S.D. Cal. Sept. 17, 2014) (declining to stay an action with respect to nonbankrupt parties where it appeared that the case could "proceed against the [nonbankrupt defendant] without [the bankrupt defendants]").

Second, it is not clear to the Court that it is "likely" that LVL's bankruptcy proceedings "will be concluded within a reasonable time in relation to the urgency of the claims presented to the [C]ourt." *See Leyva*, 593 F.2d at 864. Though the Moving Parties ask for a 180-day stay, their request is "subject to the [Moving] Parties' right to later seek an extension of the stay." Joint Mot. at 4. In truth, the Moving Parties seek a stay "pending [the] outcome of [LVL's] recently-filed bankruptcy petition." *Id.* at 2. The Court sees no reason to believe that LVL will complete its bankruptcy proceeding within 180 days.[2] The uncertain, potentially lengthy character of the Moving Parties' requested stay weighs against granting the Moving Parties' request. *See Levya*, 593 F.2d at 864.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Moving Parties' Joint Motion to Stay Pending Bankruptcy (ECF No. 68). The Court's denial is **WITHOUT PREJUDICE** to a renewed motion that cures the above-noted deficiencies.

**IT IS SO ORDERED.**

Dated: December 15, 2023

Hon. Janis L. Sammartino
United States District Judge

---

[2] For instance, neither Moving Party has indicated that they have instituted proceedings to lift the automatic bankruptcy stay. *See generally* Joint Motion.